FEDERAL LEAD CO. v. LOHR.

(Circuit Court of Appeals, Seventh Circuit. April 19, 1910.)

No. 1,645.

1. MASTER AND SERVANT (§ 270*)—ACTION FOR INJURY TO SERVANT—EVIDENCE —OTHER ACCIDENTS.

Plaintiff was employed in defendant's lead works; his duty being to operate a drum which drew an ore car up an incline to the top of a furnace, to swing down doors in the furnace, and to open doors in the bottom of the car, dumping the ore into the furnace. The doors were operated by means of levers; that on the car being held in place by a square shoulder from which it was prevented from slipping by a latch. Plaintiff was inexperienced and was instructed to first open the latch, then operate the furnace door levers, and last to knock the car door lever free from the shoulder. In operating the furnace levers he was required to stand close to the car, and while doing so his left arm was struck and injured by the lever of the car door, which was jarred from the shoulder, the outer edge of which had become rounded by wear. *Held*, in an action to recover for the injury, that evidence was admissible to show that a former employé had been injured in the same manner and had previously complained of the insecurity of the fastening, although the latch had been placed on the car afterward; the conditions being similar after the latch was unfastened, and also to show that the unfastening of the latch before operating the furnace doors, as he was instructed to do, was unnecessary and dangerous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 930; Dec. Dig. § 270.*]

2. MASTER AND SERVANT (§ 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

The following by an inexperienced workman of the master's instructions, as to the manner of doing his work, by reason of which he was injured, *held* not so obviously dangerous as to charge him with contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1105; Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action by William H. Lohr against the Federal Lead Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Dan McGlynn, for plaintiff in error.

Thomas F. Ferns, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. The judgment assailed by this writ of error was rendered in Lohr's favor in his action against the company for damages on account of personal injuries.

Lohr's employment was to operate a drum which by means of a cable pulled an ore car up an incline; to stop the car over the top of a furnace; to swing down doors in the furnace; and to open doors in the bottom of the car, thereby dumping the ore into the furnace. The furnace and car doors were operated through levers. When the car doors were shut, their lever was by the doors' weight held in place against a square shoulder projecting from the car. A movable latch, to prevent the lever's slipping from the shoulder, could be opened when it was desired to free the lever. On coming to this employment Lohr was inexperienced in the operation of the machinery and in the work assigned to him. Under the master mechanic he was instructed how to proceed. After the car was stopped over the furnace, his directions were to open the latch in front of the car doors lever, then to operate the furnace doors levers, and finally to knock the car doors lever free from the shoulder. A few days after beginning work, and while following the directions, he was injured. Having opened the latch on the car, he was lifting a furnace door lever with his right hand, when his left arm, extended, was struck by the car doors lever which had slipped from the shoulder.

Negligence was charged with respect to the construction and condition of the holding devices for the car doors lever and the character of instructions for doing the work.

In proving defects in holding devices and the company's knowledge thereof, Lohr was permitted to show by witnesses that one Scovil on a former occasion had been injured by being struck by the same lever. Objection was made that the conditions were not the same. When Scovil was doing this work, there was no latch to prevent the lever from slipping off the shoulder; but at the outer edge of the shoulder a small stop was fixed behind which the lever was seated. The stop wore down "almost to nothing," so that if there was any jar "it would naturally spring the lever." Scovil repeatedly complained to the company of this condition. After Scovil's injury, what remained of the stop was filed off so that the shoulder was level, and the latch was affixed. By the repeated knocking of the lever from its seat the outer corner of the shoulder became rounded. The shoulder was broader than the thickness of the lever so that the vibration of the car was liable to jostle the lever over to the rounded corner of the shoulder. During Scovil's time the danger came from the liability of the lever's slipping off the shoulder. During Lohr's time, whenever the latch was open, the lever could be jarred from its seat even more easily. We are of the opinion that the testimony as to

Scovil's injury and the conditions and complaints at that time was properly admitted, and that the jury were justified in finding negligence and notice.

This spring-gun condition of the lever might not have been injurious if Lohr had not been directed to open the latch before operating the furnace doors levers. To operate them brought him into a small space beside the car where if he was not on guard against the swing of the car doors lever he was liable to be hit. If he had been instructed to open the furnace doors first, and if he had obeyed, this injury would not have occurred. Testimony that such a method of operation was safer and equally feasible was admitted. This we do not deem erroneous. Indeed, the fact is so obvious that the jury might well have inferred it from the evidence of locations and conditions.

For Lohr to follow his master's directions in the premises does not seem to us to have been so imminently dangerous that the jury could not fairly determine the fact otherwise. So the questions of assumed risk and contributory negligence were rightly submitted to the jury. On the whole record we think the judgment is right, and it is, accordingly, affirmed.